PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KENNETH L. WRENN, ) | |
| ) | CASE NO. 1:18cv1811 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| RODNEY WALTON, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff Kenneth L. Wrenn filed this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against Rodney Walton, the City of Euclid, the Euclid Police Department and four to twenty-five potential John/Jane Does. Plaintiff's Complaint contains very few allegations. He states, "Rodney Walton, and the City of Euclid executed a command(s) to the Euclid Police Department, not limited to, in such a manner that the green light was given to violate Plaintiff's constitutional rights, and ADA noncompliance activity, but not limited to." (ECF No. 1 at PageID#: 4). He asserts violation of his rights to freedom of speech and freedom of expression, as well as discrimination claims and violation of the ADA. He seeks monetary relief.

## I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads

---

[1] Plaintiff did not file a motion to proceed *in forma pauperis*. The Court nevertheless screens the pleadings pursuant to 28 U.S.C. §1915(e) because Plaintiff failed to pay the filing fee.

(1:18cv1811)

factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This assessment is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## II.  Law and Analysis

In all respects, Plaintiff's Complaint fails to meet the basic pleading requirements of Federal Civil Procedure Rule 8.  Plaintiff must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest.  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  Plaintiff lists legal claims but provides no facts to suggest the actions or inactions upon which those claims are based.  The Complaint fails to state a claim upon which relief may be granted.  *Iqbal*, 556 U.S. at 678.

## III.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiff's motion for appointment of counsel (ECF No. 2) is denied.


IT IS SO ORDERED.


  December 14, 2018                    */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                         United States District Judge

3